[Civ. No. 404.    First Appellate District.—December 26, 1907.]

## HENRY MEYERHOLTZ, Respondent, v. B. W. PAXTON et al., Defendants; C. E. PAXTON, as One of the Executors of H. H. PAXTON, Deceased, Appellant.

FORECLOSURE OF LIEN—BANK STOCK PLEDGED BY THIRD PARTY TO SECURE NOTE—AGENCY OF MAKER—EVIDENCE—RATIFICATION OF NOTE AND LIEN.—In an action to foreclose a lien on bank stock belonging to the mother of the maker of a note to plaintiff, and pledged in her name by the maker, as her agent, under a power of attorney from her, evidence is admissible to show that the note and pledge were known to, acquiesced in, and ratified by her, as having both been made and executed by her son for her sole use and benefit. Such evidence is admissible to sustain the pledge and the foreclosure thereof; and the fact that it may also tend to show that the note signed in the name of the maker alone was made for the benefit of the mother as an undisclosed individual cannot justify its exclusion.

ID.—DEATH OF PLEDGOR—CLAIM AGAINST ESTATE—WAIVER OF JUDGMENT AGAINST EXECUTORS—HARMLESS OMISSION—TRIAL.—Where, after the death of the pledgor, a claim was at first presented against her estate, but afterward plaintiff filed an amendment to the complaint for foreclosure, waiving all recourse against the executors, except as to foreclosure of the lien upon the bank stock pledged, an objection upon appeal that plaintiff should have coupled therewith

an amendment of other parts of the complaint inconsistent with the waiver cannot render his failure to do so prejudicial, where the foreclosure suit was tried and determined as if the matter objected to were no part of the complaint.

APPEAL from an order of the Superior Court of Sonoma County denying a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, William Rix, and Alfred J. Harwood, for Appellant.

The rule is inflexible that where a note is signed by a maker individually, in his own name, parol evidence is not admissible to show that it was executed for the benefit of an undisclosed principal. (*Williams* v. *Robbin,* 16 Gray, 77, 77 Am. Dec. 396; *Cragin* v. *Lovell,* 109 U. S. 198, 3 Sup. Ct. Rep. 132; *Webster* v. *Wray,* 19 Neb. 558, 56 Am. Rep. 754, 27 N. W. 644.)

F. A. Meyer, for Respondent.

Evidence was admissible to show the ratification of the lien by Mrs. Paxton. (*Ralphs* v. *Hensler,* 97 Cal. 296, 301, 32 Pac. 243; *Taylor* v. *Robinson,* 14 Cal. 396, 400; *Pope* v. *Armsby Co.,* 111 Cal. 159, 163, 43 Pac. 589; Civ. Code, sec. 2307.)

KERRIGAN, J.—This is an action to foreclose a lien on certain personal property, given to secure the payment of a promissory note.

The note in suit was the last of several renewal notes given the plaintiff for a loan which was made in the year 1895. It was dated January 1, 1902, and was drawn in favor of plaintiff, and signed by the defendant B. W. Paxton (a son of the deceased) in his own name. In addition to these facts the complaint also alleges that, at the time of making the note, as security for the payment thereof, a certificate for one hundred shares of stock in the Santa Rosa Bank, standing in the name of H. H. Paxton, was delivered to plaintiff by B. W. Paxton, after making the following indorsement on the back thereof: "H. H. Paxton by B. W. Paxton, her attorney in fact." The complaint further alleges that in signing the note in his own name, and in hypothecating the stock, he was act-

ing for and on behalf of H. H. Paxton, the deceased, pursuant to a power of attorney, authorizing him to borrow money in such sums and on such terms as might seem to him best, and to pledge therefor any of the property of said H. H. Paxton. A ratification is also alleged as follows: that said H. H. Paxton was acquainted with the making, execution and delivery of said note and the pledging of said stock, and she directed and confirmed all the transactions aforesaid; that they were made with her consent and at her request, and for her sole use and benefit. The original complaint stated a cause of action *in personam* against the executors, and also sought a decree directing a sale of the stock alleged therein to have been pledged as security for the note. During the course of the trial the plaintiff filed an amendment to his amended complaint, waiving all recourse against the property of the estate except the one hundred shares of stock of the Santa Rosa Bank, on which he sought a foreclosure of his alleged lien.

The court found specifically that all the allegations of the complaint were true. As conclusions of law the court found that plaintiff was entitled to judgment against B. W. Paxton for the amount due on said note, and for a lien upon said one hundred shares of stock, and gave judgment accordingly. The court further directed that said lien be foreclosed, and the stock sold.

A motion was made for a new trial by C. E. Paxton, one of the executors of the last will and testament of H. H. Paxton. The motion was denied, from which order this appeal is prosecuted.

The point most relied upon by appellant is that the court erred in admitting, over the objection and exception of appellant, evidence which tended to show that B. W. Paxton executed the note as the agent of H. H. Paxton. In support of this contention, many cases are cited to the effect that, as the name of H. H. Paxton does not appear on the face of the note, evidence was inadmissible for the purpose of charging her; that the rule that such evidence is admissible to charge an undisclosed principal has no application to negotiable instruments; that "one who takes negotiable paper contracts with the parties appearing upon its face, and parol evidence is not admissible to add a principal not so appearing." (1 Am. & Eng. Ency. of Law, p. 1054, title "Agency.") Conceding, without

deciding, that this is the law, we fail to see wherein it has been disregarded in the present case. The judgment for the amount due on the note is against B. W. Paxton, the maker of the note as disclosed by the face thereof, and not against the estate of Mrs. H. H. Paxton. The evidence complained of was admitted, as indicated by the conclusions of the court, not for the purpose of showing that the estate of H. H. Paxton was liable on the note, but to prove that her agent was acting within the scope of his authority in pledging the stock as security for the payment of the note. Even if it were conceded that, in a suit to recover on a negotiable note, no evidence could properly be received to establish the liability of a party not appearing on such note, it does not follow that the owner of the paper cannot foreclose his lien on any personal property belonging to such person, and given him as collateral security for its payment. And while the evidence introduced to establish such lien might also tend to show that the note was made for the benefit of such undisclosed person, it should not on that ground be excluded.

The complaint as it stood at the beginning of the trial alleged notice to creditors, the due presentation of plaintiff's claim, and prayed for judgment against the executors of the estate for the amount of the note, with interest and costs. During the trial plaintiff filed an amendment to his complaint, expressly waiving all recourse against any property of the estate, excepting the one hundred shares of bank stock; but he did not amend the portions of his complaint which conflicted with the waiver, nor did he amend the prayer of his complaint. It is here claimed that the waiver is not express, as required by section 1500 of the Code of Civil Procedure, but that it is restricted and limited by other portions of the amended complaint.

We pass the point that the objection is made in this court for the first time. If the respondent should have coupled with his amendment waiving recourse an amendment to other parts of the complaint his failure to do so was harmless, for the case was tried and determined as if the portions objected to were no part of the complaint.

There are several other points discussed in the briefs based upon the claim that the evidence is insufficient to sustain the findings. Upon a careful examination of the record we are satisfied that the findings are amply supported by the evi-

dence.   The case seems to have been fairly and carefully tried, and the conclusion arrived at by the trial court fully justified.

The order denying appellant's motion for a new trial is affirmed.

Hall, J., and Cooper, P. J., concurred.